IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ANTHONY ESPARSA,     ) | |
|     ID # 54444-177,     ) | |
|         Movant,     ) | |
| )                         | No. 3:21-CV-390-D-BH |
| vs.     ) | No. 3:16-CR-218-D |
| ) | |
| UNITED STATES OF AMERICA,     ) | |
|         Respondent.     ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 27, 2021 (doc. 7). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

## I.   BACKGROUND

On May 25, 2016, Mark Anthony Esparza (Movant)[2] was charged by indictment with one count of prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One).  (*See* doc. 1.)[3]  He pleaded guilty to that count on September 2, 2016.  (*See* doc. 17.)  By judgment dated July 17, 2017, he was sentenced to 100 months' imprisonment, to be followed by a 3-year term of supervised release.  (*See* doc. 35.)  He did not appeal his conviction or sentence.

On February 11, 2021, Movant filed a motion under 18 U.S.C. § 3582(c) in the criminal

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] The style of the original motion shows the movant's name as Mark Anthony Esparsa, but the body of the motion and attached motion to the Fifth Circuit, as well as the amended motion, show his name as Mark Anthony Esparza.

[3] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-218-D.

case requesting review of his claims, referencing newly discovered evidence of retroactive case law, and maintaining that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018) (First Step Act), applied to his § 922(g) conviction. (*See* doc. 39 at 1-2.) Because the motion also expressly moved to vacate, set aside, or correct Movant's sentence, and alleged that retroactive case law negated the "maximum minimum sentencing struct[ure] of his present sentence" under § 922(g), it was liberally construed and characterized as a motion to vacate sentence under 28 U.S.C. § 2255. (No. 3:21-CV-390-D-BH, doc. 2 at 2; *see id.*, doc. 3.) Because Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, he was provided the notice and warnings about the consequences of the characterization of the filing as a § 2255 motion required by *Castro v. United States*, 540 U.S. 375 (2003) (*Castro* order). (*See id.*, doc. 4 at 2-3.) He was also given an opportunity to either withdraw the recharacterized § 2255 motion, or to amend it so that it contained all grounds for relief that he believed were available to him under § 2255, within 30 days. (*See id.*, doc. 4 at 2.) The *Castro* order specifically stated that Movant's recharacterized § 2255 motion and any amended § 2255 were subject to the statute of limitations for § 2255 cases. (*See id.*, doc. 4 at 2-3.)

Movant subsequently filed a request for an unspecified extension of time to respond to the 30-day deadline in the *Castro* order. (*See id.*, doc. 5.) He was granted a 30-day extension of the 30-day deadline and was again specifically cautioned that his recharacterized § 2255 motion and any amended § 2255 motion were subject to the statute of limitations for § 2255 cases. (*See id.*, doc. 6 at 2.)

Movant filed an amended § 2255 motion on April 27, 2021, as well as a *Motion in Response to Order to File First 2255 Motion* in the underlying criminal case, which appears to be a memorandum in support of his amended § 2255 motion. (*See* doc. 41; No. 3:21-CV-390-D-BH,

doc. 7.) Based on the memorandum, he is challenging his conviction and sentence based on the Supreme Court's holding in *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191 (2019), which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200; (*see* doc. 41 at 1-3). He also appears to challenge his conviction and sentence under the First Step Act of 2018's changes to the mandatory minimum penalties for repeat offenders. (*See* doc. 41 at 3-4.) Movant also claims that his counsel rendered ineffective assistance because he did not investigate the case and "fail[ed] to review the record, of the incident, police records, investigate the crime scene, witnesses, or interview, canvas the area[.]"[4] (*Id.* at 5.) He claims counsel's performance exposed him "to an 8th Amendment of cruel and unusual punishment." (*Id.*)

## II.   STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[4] In a motion filed under 18 U.S.C. § 3582(c) in the criminal case on the same day as his amended § 2255 motion and memorandum, Movant attached an affidavit stating that his counsel "didn't investigate to whom the vehicle belong to nor challenge the search to the vehicle, NO chain of custody chain of evidence my attorney didn't challenge to whom the firearm belong to nor Dallas police wasn't given permission to search the vehicle." (doc. 42.) The Court considers these allegations in connection with Movant's ineffective assistance of counsel claim in this habeas action.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), Movant's conviction became final on July 31, 2017, when the fourteen-day period for appealing the criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). He does not allege that government action prevented him from filing a § 2255 petition earlier. *See* 28 U.S.C. § 2255(f)(2).

Regarding §§ 2255(f)(3) and (4), Movant claims that the Supreme Court's decision in *Rehaif* constituted "a new retroactive ruling," and that this retroactive case law constitutes "newly discovered evidence." (doc. 41 at 1-2.) In *Rehaif*, the Supreme Court did not explicitly hold that its decision was a newly recognized right retroactively applicable to cases on collateral review, and those appellate courts which have addressed this issue have held that it is not. *See, e.g.*, *United States v. Scuderi*, 842 F. App'x 304, 305 (10th Cir. 2021) ("Rehaif has not been made retroactive by the Supreme Court or any Court of Appeals."); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) ("[*Rehaif*] resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable)."); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("[E]ven if *Rehaif* had announced a new rule of constitutional law, . . . it was not made retroactive to cases on collateral review by the Supreme Court."). The Court agrees and likewise

4

finds that it is not retroactively applicable. Even if the Supreme Court had made *Rehaif* retroactive, it was decided on June 21, 2019, so any habeas action relying on it must have been brought by June 21, 2020. *See* 28 U.S.C. § 2255(f). Movant's construed § 2255 motion and amended § 2255 motion were filed on February 11, 2021, and April 27, 2021, respectively.

To the extent Movant seeks habeas relief based on provisions of the First Step Act, he has not identified any right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review under the First Step Act.

Finally, Movant's claims that his trial counsel was ineffective became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, July 31, 2017. Movant did not file his § 2255 motion until over 3 years later.

Accordingly, all of Movant's claims are untimely in the absence of equitable tolling.

A.     **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant claims that "because of being on lock-up and constant transfere [sic] [he] was not able to complete the required time limits nor did he have anyone to assist him in the overall work to complete the needed answers or legal assistance via law library etc. law clerk to assisit [sic]."[5] (doc. 41 at 3.) He provides no basis for equitably tolling the limitations period. *See, e.g.*, *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."); *Coppin v. United States*, Nos. 3:15-CV-3869-K, 3:10-CR-345-K(1), 2018 WL 1122175, at *4 (N.D. Tex. March 1, 2018) ("An institutional lockdown or a delay in access to a law library is not itself a rare and exceptional circumstance that warrants equitable tolling.") (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996)); *Bourne v. Davis*, No. 4:17-CV-161-A, 2017 WL 4402527, at *2 (N.D. Tex. Sept. 29, 2017) (finding that prison transfers and intermittent lockdowns, among other alleged reasons for missing the AEDPA deadline, were insufficient to warrant equitable tolling). Because he has not met his burden to establish

---

[5] Movant has not stated the periods during which he was "on lock-up" or being transferred.

circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

**B.      Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of the newly discovered evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if does, Movant does not allege that he is actually innocent. He has therefore failed to overcome the statute of limitations, and his motion is time-barred.

7

### III. RECOMMENDATION

The movant's *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 27, 2021 (doc. 7), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** this 4th day of May, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE